# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| New York Life Insurance Company, | Civil Action No. 2:21-01898-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Kevin Scott, Billy Green, Theresa Manigault, Lisa Andredes, Henry Jones, Peggy Hilton, Michael Sanders, Gregg Edwards, Keith Moultrie, and Calvin Campbell, | |
| Defendants. | |

Before the Court are Defendants' 12(b)(6) motions to dismiss Plaintiff's Complaint. (Dkt. Nos. 6, 7, 8, 9, 10, 11). For the reasons stated below, Defendants' motions to dismiss are denied.

**I.    Background**

On June 22, 2021, New York Life Insurance Company ("Plaintiff") initiated this Declaratory Judgment action pursuant to 28 U.S.C. § 2201 against Defendants Kevin Scott, Billy Green, Theresa Manigault, Linda Andredes, Henry Jones, Peggy Hilton, Michael Sanders, Gregg Edwards, Keith Moultrie, and Calvin Campbell. (Dkt. No. 1). Plaintiff alleges Defendants Scott and Green were involved in a "long-running scheme" where they sought to "enrich themselves by wagering on the lives of legal strangers and using fraudulent means to procure life insurance policies in which they named themselves as the beneficiaries." (*Id.* at ¶ 1). The Complaint alleges Defendants Scott and Green obtained life insurance policies and certificates purporting to insure the lives of Defendants Wilson, Manigault, Andredes, Jones, Hilton, Sanders, Hilton, Edwards, Moultrie, and Campbell ("Insureds") with stated death benefits varying from $70,000.00 to

1

$150,000.00. (*Id.*at ¶¶ 2-3). Plaintiff alleges Defendants Scott and Green were listed as the sole beneficiaries for each of the certificates but were in fact legal strangers to the Insureds without an insurable interest in the lives of the Insureds. (*Id.*). Plaintiff alleges Defendant Green was paid $201,781.82 in death benefits. (*Id.* at ¶ 4). Plaintiff alleges the Insureds did not consent to the acquisition of life insurance by Defendants Scott and Green. (*Id.* at ¶¶ 42, 47, 52, 57, 66, 71, 80, 84, 86, 92, 103, 111, 118).

Plaintiff seeks an Order from the Court decreeing among other things that the polices and certificates are void *ab initio* and against public policy; Plaintiff is not obligated to pay any death benefits; and Plaintiff may retain all premiums paid under the certificates. (*Id.* at ¶ 5). Plaintiff asserts seven causes of action against Defendants seeking a Declaratory Judgment as to: (1) absence of insurable interest; (2) void against public policy and unenforceability; (3) fraud and misrepresentation; (4) civil conspiracy; (5) unjust enrichment; (6) money had and received; and (7) recission of Keith Moultrie certificate.

On July 12, 2021, Defendants Manigault, Hilton, Sanders, Campbell, Andredes, and Jones ("moving Defendants") filed identical 12(b)(6) motions to dismiss all of Plaintiff's claims. (Dkt. Nos. 6, 7, 8, 9, 10, 11). The Court instructed moving Defendants to file memoranda in support of the motions to dismiss. (Dkt. No. 15). On July 19, 2021, moving Defendants filed a memorandum in support of their motions to dismiss. (Dkt. No. 21). On August 2, 2021, Plaintiff filed a response in opposition to the motions to dismiss. (Dkt. No. 25). The matter is ripe for the Court's review.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests

surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

The moving Defendants seek to dismiss all of Plaintiff's claims for failure to state a claim. Plaintiff's claims are asserted pursuant to the Declaratory Judgment Act. The Court will review the allegations contained in the Complaint to determine whether Plaintiff has sufficiently stated claims for relief pursuant to Rule 12(b)(6) and under the Declaratory Judgment Act. Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal resolutions of any interested party seeking

such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). *Brown-Thomas v. Hynie*, 412 F. Supp.3d 600, 606 (D.S.C. 2019). Generally speaking, "a motion to dismiss 'is rarely appropriate in a declaratory judgment action.'" *Id.* (citing *Palmer v. Audi of Am., Inc.*, No. GJH-14-03189, 2015 WL 222127, at * 2 (D. Md. Jan. 13, 2015)). When evaluating a motion to dismiss an action for a declaratory judgment, courts in this circuit have advised that:

> "[w]here a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree."

*Brown-Thomas*, 412 F. Supp. 3d at 606 (D.S.C. 2019) (citing *Palmer*, 2015 WL 222127, at *2). The Fourth Circuit has identified three elements to determine whether a plaintiff has stated a claim under the Declaratory Judgment Act. First, the complaint must allege "an actual controversy" between the parties of "sufficient reality to warrant issuance of a declaratory judgment." *Id.* at 608-9 (citing *Volvo Const. Equip. North America, Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004)); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (internal citation omitted). Second, there must be an independent basis for jurisdiction. *Brown-Thomas*, 412 F. Supp. 3d at 609 (citing *Volvo*, 386 F.3d at 592)). Third, the court cannot abuse its discretion in exercising jurisdiction. *Id*.

First, the Court addresses whether Plaintiff's claims establish an actual case or controversy sufficient to warrant the issuance of a declaratory judgment. To determine whether a case or controversy has been stated, the Court must ask "whether the facts alleged, under the circumstances, show that there is a substantial controversy, between parties having adverse legal

4

interests, of sufficient immediacy and realty to warrant the issuance of a declaratory judgment." *J.R. v. Walgreens Boots Alliance, Inc.*, 470 F. Supp.3d 534, 563 (D.S.C. 2020) (citing *MedImmune, Inc.*, 549 U.S. at 127).

The moving Defendants do not argue the allegations in the complaint are insufficient to state a substantial controversy between the parties, having adverse legal effects to warrant the issuant of a declaratory judgment. Moving Defendants set forth arguments that appear to challenge the merits of Plaintiff's claims. For example, moving Defendants argue Plaintiff's first cause of action for declaratory judgment as to an absence of insurable interest in the lives of the Insureds fails to state a claim because it is irrelevant whether Defendants Scott or Green possess an insurable interest in the lives of the Insureds because the Insureds own their own respective policies that list Defendants Scott and Green as beneficiaries on the policy. (Dkt. No. 21 at 9-11) (also arguing Plaintiff's second cause of action for declaratory judgment as to the certificates and policies being void, against public policy, and unenforceable fail to state a claim because the "consent of the Insured is irrelevant where the Insured is the policy owner and retains the right to change the identity of the beneficiary at any time."). However, at this stage, Plaintiff need only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

Examining the allegations in the Complaint, the Court first finds Plaintiff has carried its burden of establishing an actual controversy as to each cause of action sufficient to survive the moving Defendants' motions to dismiss. For example, the Complaint alleges Defendants Scott and Green engaged in a scheme to obtain life insurance policies and certificates without consent of the Insureds. The Complaint alleges Defendants Scott and Green designated themselves as cousin, sibling, or other relation of the Insureds and designated themselves as the sole beneficiaries

5

of the death benefits under the policies.  The Complaint alleges Defendants Scott and Green were in fact legal strangers to the Insureds.  The Complaint alleges Defendants Scott and Green did not have any legal relationship to the Insureds that would constitute an insurable interest in the lives of the Insureds.  All of Plaintiff's claims incorporate these allegations as stated in the Complaint.  Thus, Plaintiff's have established that a case or controversy exists between the parties that is of sufficient immediacy and realty to warrant the issuance of a declaratory judgment.

Second, the Court addresses whether an independent basis for jurisdiction exists.  Plaintiff alleges diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy has been met.  The Complaint alleges Plaintiff is a New York insurance company with its principal place of business in New York state.  (Dkt. No. 1 at ¶ 6).  Plaintiff alleges all Defendants are citizens of South Carolina.  (Id. at ¶¶ 7-16).  Plaintiff alleges the amount in controversy exceeds $75,000.00.  (*Id.* at ¶¶ 17).  Thus, the Court has an independent basis for jurisdiction under 28 U.S.C. § 1332.

Third the Court addresses whether it will abuse its discretion in exercising jurisdiction.  The Court must balance several factors when deciding whether discretion is appropriately executed:

> "(1) whether the judgment will serve as a useful purpose in clarifying the legal relations in issue; (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding; (3) considerations of federalism, efficiency, and comity; and (4) whether the declaratory judgment is merely being used . . . for procedural fencing."

*Brown-Thomas*, 412 F. Supp. at 611 (internal citations omitted).  Considering the allegations in this case, judgment as to Plaintiff's claims for declaratory judgment will clearly serve a useful purpose in clarifying the legal relations at issue, provide relief from uncertainty giving rise to the

6

proceedings, and provide for efficient adjudication of the matter. The Court would not abuse its discretion in exercising jurisdiction.

In short, Plaintiff has plead sufficient facts to state claims for declaratory judgment sufficient to survive moving Defendants' motions to dismiss.

## IV. Conclusion

For the reasons stated above, the moving Defendants' motions to dismiss are **DENIED**. (Dkt. Nos. 6, 7 ,8, 9, 10, 11).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

September 7, 2021
Charleston, South Carolina